[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1223.]

THE STATE EX REL. LANDIS *v.* MORROW COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Landis v. Morrow Cty. Bd. of Elections*, 2000-Ohio-274.]

*Attorney General joined as respondent sua sponte—Civ.R. 21.*

(No. 00-157—Submitted and decided February 4, 2000.)

IN MANDAMUS.

ON MOTION TO INTERVENE.

————————————

*James R. Kingsley*, for relator Rick J. Landis.

*Gregory A. Perry*, Morrow County Prosecuting Attorney, for respondents Morrow County Board of Elections, and its members, Eleanor Dunbar, Don Graham, Pauline Riel, and Norma Frazier.

*Betty D. Montgomery*, Attorney General, *Arthur J. Marziale, Jr.*, and *David S. Timms*, Assistant Attorneys General, for respondent J. Kenneth Blackwell, Secretary of State, and intervening respondent Ohio Attorney General.

————————————

{¶ 1} This cause originated in this court on the filing of a complaint for a writ of mandamus regarding an expedited election matter. Upon consideration of the motion to intervene of Ohio Attorney General Betty D. Montgomery,

{¶ 2} IT IS ORDERED by the court, *sua sponte*, that Ohio Attorney General Betty D. Montgomery be, and hereby is, joined as a respondent pursuant to Civ.R. 21.

{¶ 3} IT IS FURTHER ORDERED by the court, *sua sponte*, that Ohio Attorney General Betty D. Montgomery shall file any responsive pleading she intends to file pursuant to S.Ct.Prac.R. X(5), and any evidence and merit brief pursuant to S.Ct.Prac.R. X(9), within three days after the filing of relator's evidence and brief.

RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and DOUGLAS, J., dissent.

LUNDBERG STRATTON, J., would allow the Attorney General to intervene but not as a party.

————————————

**DOUGLAS, J., dissenting.**

{¶ 4} I respectfully dissent. R.C. 2721.12 does not provide for the Attorney General to be made a party to a cause of action challenging the constitutionality of a statute. Rather, the section provides that the Attorney General shall be served and shall be heard (presumably if she chooses to be heard), and, accordingly, the motion by the Attorney General to intervene is not in order and should be found to be not well taken. In fact, in the case now before us, the relator complied with the statute and served the Attorney General with a copy of the complaint, and now the Attorney General, as a matter of right, shall be heard without resorting to further motion or pleading.

{¶ 5} The statute, R.C. 2721.12, makes clear who shall be joined as a "party." If we expand the universe of "parties" to include the Attorney General, then if she chooses not to answer, participate, or be heard, would we grant a default judgment against the nonresponding party—Attorney General? Just to ask the question answers it.

{¶ 6} I would deny the motion and permit the proceedings to be carried out as the statute contemplates.

————————————